JONATHAN E. NUECHTERLEIN
General Counsel

ANGELEQUE P. LINVILLE, Tex. Bar No. 24058793
JASON C. MOON, Tex. Bar No. 24001188
ANNE D. LEJEUNE, Tex. Bar No. 24054286
EMILY B. ROBINSON, Tex. Bar No. 24046737
Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75201
(214) 979-9378; jmoon@ftc.gov (Moon)
(214) 979-9381; alinville@ftc.gov (Linville)
(214) 979-9371; alejeune@ftc.gov (LeJeune)
(214) 979-9386; erobinson@ftc.gov (Robinson)
(214) 953-3079 (Fax)

**SEALED**

FILED ___ LODGED
___ RECEIVED ___ COPY

AUG 17 2015

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Federal Trade Commission;**<br><br>Plaintiff,<br><br>v.<br><br>**Vemma Nutrition Company**, a corporation;<br>**Vemma International Holdings, Inc.**, a corporation;<br>**Benson K. Boreyko** a/k/a **B.K. Boreyko**, individually and as an officer of Vemma Nutrition Company and Vemma International Holdings, Inc.; and<br>**Tom Alkazin**, an individual;<br><br>Defendants, and<br><br>**Bethany Alkazin**, an individual;<br><br>Relief Defendant. | CV-15-01578-PHX-JJT<br>No. _____<br><br><br><br>**PLAINTIFF FEDERAL TRADE COMMISSION'S *EX PARTE* MOTION FOR AN ORDER TEMPORARILY SEALING FILE AND MEORANDUM IN SUPPORT THEREOF**<br><br><br><br><br><br>**UNDER SEAL** |

Plaintiff Federal Trade Commission (FTC) files its *ex parte* Motion for an Order Temporarily Sealing File and Memorandum in Support Thereof (Motion to Seal) and respectfully requests an order: (1) waiving notice of this and other *ex parte* motions filed by the FTC in this action; (2) temporarily sealing all documents filed by the FTC and any orders issued by the Court in this action, according to Local Rule 5.6; and (3) automatically lifting the seal at **4:00pm MST, Friday, August 21, 2015**, or when counsel for the FTC informs the Clerk of the Court that the seal is no longer necessary, whichever occurs first.

## MEMORANDUM

Waiving notice to the Defendants and temporarily sealing these documents are in the interest of justice. The FTC makes this Motion to Seal because public knowledge of this proceeding, prior to service of process upon the Defendants, could substantially frustrate the purposes of the relief sought.

As evidenced more fully in the memorandum and exhibits supporting the FTC's Application for Temporary Restraining Order with Asset Freeze, Appointment of a Receiver, and Other Equitable Relief, and an Order to Show Cause Why a Preliminary Injunction Should Not Issue, this case concerns a scheme to deceive consumers. Since approximately 2004, Defendants have operated an illegal pyramid scheme. The FTC therefore seeks a Temporary Restraining Order (TRO) to enjoin the Defendants' illegal conduct and an order freezing Defendants' assets and protecting their records to preserve the possibility of effective final monetary relief in this case, including consumer restitution. This temporary, preliminary relief is sought *ex parte* because of the

2

substantial risk that notification to the Defendants prior to service of process could result in the transfer of assets and destruction or transfer of records.

Because this case involves a government agency seeking relief against a company deceiving individuals in the many countries in which it operates, it is likely to attract media attention. Thus, it is likely that the Defendants would be alerted to this action before they are served with the TRO. If the Defendants learn of the pending action before they are properly served with the TRO, they may attempt to dissipate or conceal assets, destroy or conceal business records, or otherwise frustrate the FTC's ability to obtain – and this Court's ability to award – effective monetary relief for the victims of the Defendants' unlawful scheme. These concerns are especially present in this electronic age, because funds can be transferred out of the United States and electronic documents destroyed with a simple computer keystroke. Therefore, it is in the interest of justice to waive notice to Defendants and temporarily seal these documents. Although the FTC requests that the Court enter the proposed TRO under seal, the TRO permits the FTC to serve it on other third parties, including financial institutions holding Defendants' assets and credit reporting agencies.

The Certification and Declaration of Plaintiff's Counsel filed in support of this Motion to Seal demonstrates that it is particularly crucial to seal the file until the FTC has had an opportunity to serve the Defendants with the TRO.

The FTC's past experience in Section 13(b) cases, described below, further illustrates the critical need for temporarily sealing the public record until service is effectuated. A defendant may learn of an action even where it has been filed under seal as

an *ex parte* proceeding. Certainly, some defendants may be determined to violate an asset freeze order regardless of the consequences. However, sealing the case, combined with an *ex parte* TRO, remains the best opportunity to maintain the status quo.

    a.    In *FTC v. Moreno*, CV-99-12837 R (AIJx) (C.D. Cal. 1999), the FTC obtained an *ex parte* TRO. The defendant became aware of the TRO and withdrew $30,000 from his bank account before service of process was accomplished.

    b.    In *FTC v. Am. Nat'l Cellular, Inc.*, CV-85-7375 WJR (C.D. Cal. 1985), the court issued an *ex parte* TRO that included an asset freeze. After learning about the action, the defendant absconded with $1.2 million by withdrawing funds before his financial institutions were served with a copy of the order. The defendant fled the U.S. and spent the money overseas, significantly reducing funds available for payment of consumer redress.

    c.    In *FTC v. Empress Corp.*, CV-S-95-01174-LDG (D. Nev. 1995), the defendants destroyed relevant business records after hearing media coverage announcing that enforcement actions were to begin the following day.

    d.    In *FTC v. Academic Guidance Servs.*, No. 92-3001 (AET) (D. N.J. 1992), the defendants learned that the FTC was filing a case against them. The defendants immediately leased a document shredder and spent days destroying business records and documents, in an effort to obstruct the FTC's investigation.

    e.    In *FTC v. Osborne Precious Metals, Inc.*, CV-92-4194 AWT (C.D. Cal. 1992), the court issued an *ex parte* TRO. The pleadings were served in Los Angeles and, an hour later, in Las Vegas. The court-appointed receiver discovered that a number of

business records at the defendants' Las Vegas location were destroyed shortly before his representatives arrived.

District courts routinely have issued orders sealing the case file until service of process can be accomplished upon the defendants. See, e.g., *FTC v. Ambrosia Web Design LLC*, Case No. 2:12-cv-02248-FJM (D. Ariz. Oct. 22, 2012); *FTC v. ELH Consulting, LLC*, Case No. 2:12-cv-02246-FJM (D. Ariz. Oct. 22, 2012); *FTC v. North America Mktg. and Assoc., LLC*, Case No. 2:12-cv-00914-DGC (D. Ariz. May 2, 2012); *FTC v. Lakhany*, Case No. 8:12-cv-00337 (C.D. Cal. Mar. 7, 2012); *FTC v. Bunzai Media Group, Inc.*, Case No. CV 15-4527-GW(PLAx) (C.D. Cal. June 16, 2015); *FTC v. Lake*, Case No. 8:15-cv-00585 (C.D. Cal. Apr. 16, 2015); *FTC v. Wealth Educators, Inc.*, Case No. CV15-2357 STO (C.D. Cal. Mar. 31, 2015); *FTC v. Health Formulas, LLC*, Case No. 2:14-cv-01649 (D. Nev. Oct. 19, 2014).

This requested seal order would expire, by its own terms, at 4:00pm MST, Friday, August 21, 2015, or when counsel for the FTC informs the clerk of the court that the seal is no longer necessary, whichever occurs first. Doing so should provide sufficient time to allow service of the papers upon Defendants and the financial institutions holding the Defendants' assets.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests an order: (1) waiving notice of this and other *ex parte* motions filed by the FTC in this action; (2) temporarily sealing all documents filed by the FTC and any orders issued by the court in this action, according to Local Rule 5.6; and (3) automatically lifting the seal 4:00pm MST, Friday,

August 21, 2015, or when counsel for the FTC informs the clerk of the court that the seal is no longer necessary, whichever occurs first.

Dated: August 17, 2015

        Respectfully submitted,

        JONATHAN E. NUECHTERLEIN
        General Counsel

        /s/
        ANGELEQUE P. LINVILLE, Tex. Bar No. 24058793
        JASON C. MOON, Tex. Bar No. 24001188
        ANNE D. LEJEUNE, Tex. Bar No. 24054286
        EMILY B. ROBINSON, Tex. Bar No. 24046737
        Federal Trade Commission
        1999 Bryan Street, Suite 2150
        Dallas, Texas 75201
        (214) 979-9378; jmoon@ftc.gov (Moon)
        (214) 979-9381; alinville@ftc.gov (Linville)
        (214) 979-9371; alejeune@ftc.gov (LeJeune)
        (214) 979-9386; erobinson@ftc.gov (Robinson)
        (214) 953-3079 (Fax)

        Attorneys for Plaintiff
        FEDERAL TRADE COMMISSION