NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission, | No. CV-15-01578-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Vemma Nutrition Company, *et al.*, | |
| Defendants. | |

In the Court's August 21, 2015, Order granting Plaintiff Federal Trade Commission's *Ex Parte* Application for Temporary Restraining Order (Doc. 25), the Court set a hearing on the FTC's motion for Preliminary Injunction on Thursday, September 3, 2015, at 9:00 a.m. (Arizona time) in Courtroom 505, Sandra Day O'Connor United States Courthouse, 401 W. Washington St., Phoenix, Arizona 85003. In preparation for that hearing,

**IT IS ORDERED** that the parties shall <u>jointly</u> prepare and file a pre-hearing statement by September 2, 2015, at 12:00 noon (Arizona time). The joint pre-hearing statement shall set forth the following information:

### A.    COUNSEL FOR THE PARTIES

The parties shall include the names, mailing addresses, office phone numbers and e-mail addresses of counsel who will appear at the hearing.

Plaintiff:

Defendants:

**B.     LIST OF WITNESSES**

As the Court stated in its previous Order, neither party shall conduct direct examination of witnesses at the Preliminary Injunction hearing—the Court will rely on declarations and affidavits that have been timely served and filed prior to the Preliminary Injunction hearing for direct testimony—but the opposing party may conduct cross-examination of any witness. (Doc. 25.) Accordingly, in the joint pre-hearing statement, each party shall separately list the names of its witnesses, their respective addresses, whether a fact or expert witness, and a brief statement as to the testimony of each witness. The witnesses shall be grouped as follows:  (1) witnesses who shall be called at the hearing; (2) witnesses who may be called at the hearing; and (3) witnesses who are unlikely to be called at the hearing.

Additionally, the parties shall adhere to the following provision and include it in this section of the joint pre-hearing statement: "Each party understands that it is responsible for ensuring that the witnesses it wishes to call to testify are subpoenaed. Each party further understands that any witness a party wishes to call shall be listed on that party's list of witnesses above, and that party cannot rely on any witness having been listed or subpoenaed by another party."

**C.     LIST OF EXHIBITS**

The parties shall number exhibits to correspond to the exhibit numbers listed in the joint pre-hearing statement, and the joint pre-hearing statement shall include the following information:

"**1.**     The following exhibits are admissible in evidence and may be marked in evidence by the Clerk:

**a.**     Plaintiff's Exhibits:

**b.**     Defendants' Exhibits:

**2.**     As to the following exhibits, the parties have reached the following stipulations:

      **a.**    <u>Plaintiff's Exhibits</u>:

      **b.**    <u>Defendants' Exhibits</u>:

    **3.**    As to the following exhibits, the party against whom the exhibit is to be offered objects to the admission of the exhibit and offers the objection stated below:

      **a.**    <u>Plaintiff's Exhibits</u>:

(*E.g.*, City Hospital records of Plaintiff from March 6, 1985 through March 22, 1985. Defendants object for lack of foundation because . . . (the objection must specify why there is a lack of foundation)).

      **b.**    <u>Defendants' Exhibits</u>:

(*E.g.*, Payroll records of Plaintiff's employer that constitute evidence of payment of Plaintiff's salary during hospitalization and recovery. Plaintiff objects on grounds of relevance and materiality because . . .  (the objection must specify why the exhibit is not relevant or material))."

    The parties shall adhere to the following provision and include it in this section of the joint pre-hearing statement: "Each party hereby acknowledges that, by signing this joint pre-hearing statement, any objections not specifically raised herein are waived."

**D.**    **DEPOSITIONS TO BE OFFERED**

    The parties shall list the deposition transcripts that may be used at the hearing, if any. The portions to be read at the hearing shall be identified by page and line number in the joint pre-hearing statement. Additionally, the party offering the deposition shall provide the Court with a copy of the offered deposition testimony. The offering party shall highlight, in color, the portions of the deposition to be offered. If multiple parties are offering the same deposition, only one copy of such deposition shall be provided. Such copy shall contain each party's highlighting; each party should use a different color.

    The parties shall adhere to the following provision and include it in this section of the joint pre-hearing statement: "Each party hereby acknowledges that, by signing this

joint pre-hearing statement, any deposition not listed as provided herein will not be allowed, absent good cause."

### E.   ESTIMATED LENGTH OF HEARING

The parties shall provide their estimates of hearing length, in hours. Counsel are advised that the Court expects the hearing to take no more than one day.

### F.   PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Each party shall file separate Proposed Findings of Fact and Conclusions of Law by the same date the joint pre-hearing statement is due.  Additionally, Plaintiff shall lodge a proposed Preliminary Injunction.

### G.   FAILURE TO RESPOND

Plaintiff shall serve a copy of this Order on Defendants as soon as possible, and in any case by the end of the day on Friday, August 28, 2015. As the Court stated in its previous Order, Defendants shall file any opposition to the issuance of a Preliminary Injunction by August 31, 2015. (Doc. 25.) If Defendants fail to file an opposition or fail to appear at the hearing, the Court will deem either failure to be Defendants' consent to the motion for Preliminary Injunction being granted. *See* LRCiv 7.2(i).

Dated this 27th day of August, 2015.

_____
Honorable John J. Tuchi
United States District Judge