**WO**                              NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission, | No. CV-15-01578-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Vemma Nutrition Company, *et al.*, | |
| Defendants. | |

At issue is Plaintiff Federal Trade Commission's (FTC's) Motion to Clarify or Reconsider Preliminary Injunction as to Defendant Tom Alkazin (Doc. 135), to which Defendants filed no Response.

In its Motion, the FTC points out that, in the Preliminary Injunction Order (Doc. 118), the Court found that the FTC is likely to succeed on the merits in showing that Mr. Alkazin made false and misleading income claims and omissions. As a result, the FTC argues that the Court should clarify the Preliminary Injunction Order and subject Mr. Alkazin to the same injunction prohibiting material misrepresentations and omissions, including deceptive income claims, as the Court imposed on the Corporate Defendants in Sections I.B through I.E of the Order. Mr. Alkazin did not oppose the FTC's request, which prompts its summary disposition, *see* LRCiv 7.2(i), and in any event the Court agrees with the FTC's analysis. As a result, the Court will grant the FTC's Motion in this respect.

The FTC also argues that Mr. Alkazin should be subject to Section I.A of the Preliminary Injunction Order prohibiting the operation of an illegal pyramid scheme

based on the Court's finding that Mr. Alkazin helped create the Two & Go program, which has indicia of a pyramid scheme. In support, the FTC cites a number of cases holding that liability for violation of the FTC Act may arise when an individual directly participated in unfair or deceptive acts or practices, as an alternative to the liability arising from authority to control unfair or deceptive acts or practices. *See FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1170 (9th Cir. 1997); *FTC v. J.K. Publ'ns*, 99 F. Supp. 2d 1176, 1203 (C.D. Cal. 2000). The FTC contends that, because the Court found that Mr. Alkazin participated in acts or practices that the FTC is likely to succeed on the merits in demonstrating were pyramidal and thus unfair or deceptive under the Act, the Court should subject Mr. Alkazin to the same injunction prohibiting pyramidal activity as the Court imposed on the Corporate Defendants in Section I.A of the Order. Mr. Alkazin again did not oppose the FTC's request, *see* LRCiv 7.2(i), and the Court again agrees with the FTC's analysis. Accordingly, the Court will grant the FTC's Motion, and Mr. Alkazin will be subject to the injunctive provisions contained in Sections I.A through I.E of the Preliminary Injunction Order.

IT IS THEREFORE ORDERED granting Plaintiff Federal Trade Commission's Motion to Clarify or Reconsider Preliminary Injunction as to Defendant Tom Alkazin (Doc. 135). The Preliminary Injunction Order (Doc. 118) is hereby amended such that Mr. Alkazin is subject to the prohibitions of Sections I.A through I.E of the Order.

Dated this 30th day of June, 2016.

_____
Honorable John J. Tuchi
United States District Judge