**WO**  NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission, | No. CV-15-01578-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Vemma Nutrition Company, *et al.*, | |
| Defendants. | |

At issue is Plaintiff Federal Trade Commission's (FTC's) Motion to Strike Affirmative Defenses (Doc. 157, Mot.), to which Defendants jointly filed a Response (Doc. 166, Resp.) and the FTC filed a Reply (Doc. 168, Reply). The FTC asks the Court to strike all but one of the affirmative defenses raised in the Answers filed by Defendants Vemma Nutrition Company and Vemma International Holdings, Inc. (collectively, "Corporate Defendants") (Doc. 123 at 12, Corp. Aff. Def.), Defendant Tom Alkazin (Doc. 124 at 14, Alkazin Aff. Def.), and Defendant Benson K. Boreyko (Doc. 125 at 10-11, Boreyko Aff. Def.) under Federal Rule of Civil Procedure 12(f). (Mot. at 2.)

Federal Rule of Civil Procedure 8(c) provides that a defendant must "state any avoidance or affirmative defense" in answering a complaint. The Ninth Circuit Court of Appeals has construed this requirement to mean that a defendant must give "fair notice" of affirmative defenses to the plaintiff. *Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010) (citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)). The Supreme Court has long held that fair notice requires only a plain statement

of the nature and grounds of a claim or defense. *See Kohler v. Islands Rests., LP*, 280 F.R.D. 560, 564 (S.D. Cal. 2012) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

An affirmative defense may be insufficient as a matter of pleading or of law. *Id.*; *Fed. Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259, 262 (9th Cir. 1987). A party may ask the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" under Rule 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (quotation omitted), *rev'd on other grounds*, 510 U.S. 517 (1994). "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Id.* (quoting 5 Charles A. Wright & Arthur R. Miller, *Fed. Practice & Procedure* § 1382, at 706-07, 711 (2d ed. 1990)). Courts generally view motions to strike disfavorably "because they are often used to delay and because of the limited importance of the pleadings in federal practice." *Brewer v. Indymac Bank*, 609 F. Supp. 2d 1104, 1113 (E.D. Cal. 2009). "A motion to strike should not be granted unless it is absolutely clear that the matter to be stricken could have no possible bearing on the litigation." *Id.*

### A.   Fair Notice of Affirmative Defenses

The FTC first argues that Defendants' affirmative defenses are insufficiently pled. (Mot. at 5-6.) As noted above, Defendants need only provide a plain statement of the nature and grounds of each affirmative defense; they need not plead "enough facts to state a claim to relief that is plausible on its face," as required by *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), and its progeny. *See G & G Closed Circuit Events, LLC v. Mitropoulos*, No. CV-12-0163-PHX-DGC, 2012 WL 3028368, at *1 (D. Ariz. July 24, 2012). With this standard in mind, the Court finds that Defendants gave the FTC fair notice of their affirmative defenses with one exception: Defendants' allegations that the FTC's claims for injunctive and other relief are unconstitutional or otherwise not authorized or available at law or equity. (Corp. Aff. Def. ¶¶ 2, 3; Alkazin

Aff. Def. ¶¶ 2, 3, 4; Boreyko Aff. Def. ¶¶ B, C.) These allegations lack any specificity and thus provide the FTC with inadequate information to prepare its case—indeed, it was only in Defendants' briefs that the Court could begin to discern these affirmative defenses. Accordingly, the Court will grant the FTC's Motion with regard to these affirmative defenses. Because courts should freely grant leave to amend an affirmative defense absent prejudice to the opposing party, *Wyshak*, 607 F.2d at 826-27, Defendants may amend their Answers if they can state these affirmative defenses with enough specificity to give fair notice to the FTC.

### B. Failure to State a Claim

The FTC next asserts that Defendants' allegation that the FTC failed to state a claim for relief (Corp. Aff. Def. ¶ 1; Alkazin Aff. Def. ¶ 1; Boreyko Aff. Def. ¶ A) is not a proper affirmative defense. (Mot. at 7.) While Defendants justify raising this as an affirmative defense by citing out-of-circuit district court decisions (Resp. at 6), the Court agrees with the conclusion of other district courts in the Ninth Circuit that failure to state a claim is properly raised as a challenge to a plaintiff's *prima facie* claim, not as an affirmative defense to it. *See, e.g.*, *Barnes v. AT&T Pension Benefits Plan—Nonbargained Program*, 718 F. Supp. 2d 1167, 1176 (N.D. Cal. 2010). Because Defendants cannot cure this defect, the Court will strike this affirmative defense with no leave to amend.

### C. Affirmative Defenses Related to Damages

The FTC also contends that Defendants' allegation that they acted in good faith (Corp. Aff. Def. ¶ 4; Alkazin Aff. Def. ¶ 5; Boreyko Aff. Def. ¶ D) is not a valid affirmative defense because good faith is not a defense to FTC Act liability. (Mot. at 7-8.) While this is true, the Court agrees with other district courts in the Ninth Circuit that have found that good faith may be asserted against the granting of a permanent injunction. *See, e.g.*, *FTC v, Hang-Ups Enters., Inc.*, No. CV 95-0027 RMT (JGx), 1995 WL 914179, at *3 (C.D. Cal. Sep. 27, 1995). Because the FTC seeks a permanent injunction in this case,

good faith is to that extent a valid affirmative defense. Accordingly, the Court will deny the FTC's Motion in this regard.

As for Defendants' allegations that the FTC or the consumers it represents failed to mitigate their losses (Corp. Aff. Def. ¶ 5; Alkazin Aff. Def. ¶ 6; Boreyko Aff. Def. ¶ E) and that consumers voluntarily exposed themselves to losses, thus assuming the risk (Corp. Aff. Def. ¶ 7; Alkazin Aff. Def. ¶ 8; Boreyko Aff. Def. ¶ G), the FTC argues that these are not valid affirmative defenses because relief under the FTC Act is equitable and dependent on the amount of gain by Defendants, not loss by consumers. (Reply at 5.) The Court agrees. *See FTC v. Medicor, LLC*, No. CV011896CBMEX, 2001 WL 765628, at *2 (C.D. Cal. June 26, 2001). As a result, the Court will grant the FTC's Motion with regard to these affirmative defenses. Because amendment cannot cure the legal defect in these affirmative defenses, Defendants may not amend them.

### D. Negative Defenses

Finally, the FTC argues that some of Defendants' affirmative defenses are not affirmative but rather negative—that is, they are not grounded in Defendants' admission of the essential facts of the FTC's claims coupled with a statement of some other justification, but rather are denials of the essential facts.[1] (Mot. at 9-11.) The remaining affirmative defense to which the FTC applies this argument is the allegation that the losses sustained by the FTC or consumers were not caused by Defendants, but rather third parties over whom Defendants had no control or right to control. (Corp. Aff. Def. ¶ 6; Alkazin Aff. Def. ¶ 7; Boreyko Aff. Def. ¶ F.) The Court agrees that this is simply Defendants' denial of their own liability and thus wrapped up in the denials contained in Defendants' Answers. *See, e.g.*, *FTC v. Stefanchik*, No. C04-1852 RSM, 2004 WL 5495267, at *2 (W.D. Wash. Nov. 12, 2004). The Court will therefore grant the FTC's

---

[1] While the FTC includes as affirmative defenses it claims are actually negative defenses the allegations that the FTC lacks authority to seek damages from Defendants, the Court has already found that those affirmative defenses are not sufficiently pled, and the Court cannot evaluate them until they are.

- 4 -

1  Motion to Strike these affirmative defenses, and because Defendants cannot cure the
2  defect, they may not amend.
3        IT IS THEREFORE ORDERED granting in part and denying in part Plaintiff
4  Federal Trade Commission's (FTC's) Motion to Strike Affirmative Defenses (Doc. 157).
5  With regard to Corporate Defendants' Affirmative Defenses (Doc. 123 at 12), the Court
6  strikes Nos. 1, 5, 6 and 7 with no leave to amend, and Nos. 2 and 3 with leave to amend.
7  With regard to Mr. Alkazin's Affirmative Defenses (Doc. 124 at 14), the Court strikes
8  Nos. 1, 6, 7 and 8 with no leave to amend, and Nos. 2, 3 and 4 with leave to amend. With
9  regard to Mr. Boreyko's Affirmative Defenses (Doc. 125 at 10-11), the Court strikes
10 Defenses A, E, F and G with no leave to amend, and Defenses B and C with leave to
11 amend. The FTC's Motion is denied as to the balance of Defendants' Affirmative
12 Defenses.
13       IT IS FURTHER ORDERED that Defendants shall file any amended Answers by
14 July 15, 2016.
15       Dated this 30th day of June, 2016.

_____
Honorable John J. Tuchi
United States District Judge